**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EDDIE V. OLIVER, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 1:25-cv-04064 (UNA) |
| | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>Memorandum Opinion</u>**

Plaintiff, proceeding *pro se*, has filed a complaint, ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons below, the court dismisses this matter for failure to meet the pleading requirements set forth in Federal Rule of Civil Procedure 8(a).

At the outset, the court denies Plaintiff's IFP application. Parties instituting a civil action are required to pay the applicable filing fee, 28 U.S.C. § 1914(a), unless granted IFP status under 28 U.S.C. § 1915. Whether to permit or deny an application to proceed IFP is within the sound discretion of the court. *See Van Oliver v. United States*, No. 1:25-cv-04075, 2026 WL 715227, at *1 (D.D.C. Mar. 12, 2026). An individual need not "be absolutely destitute to enjoy the benefit of the [IFP] statute," but a party seeking to proceed IFP should show that they cannot "pay or give security for the costs and still be able to provide" for "the necessities of life." *McKelton v. Bruno*, 428 F.2d 718, 719–20 (D.C. Cir. 1970) (cleaned up). "[C]ourts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess." *Lin v. District of Columbia*, No. 16-cv-645, 2020 WL 7695973, at *1 (D.D.C. Dec. 28, 2020) (citation omitted). Plaintiff attests that he earns a gross pay of $42,000 and that he possesses

billions of dollars in other assets. *See* ECF No. 2 at 1–2. Although he owes student loan debt and is responsible for three dependents, these obligations do not exceed his combined earnings and assets. *See id*. Accordingly, he has not made the requisite showing to proceed IFP, and his IFP application is denied.

Next, the court finds that the complaint fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a). Rule 8(a) requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction" and "(2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This ensures the defendant has "notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up).

Plaintiff's complaint fails to give minimum notice of any cognizable claim or to establish this court's subject matter jurisdiction. Plaintiff sues multiple defendants, including federal agencies, countries, continents, public figures, universities, and the National Football League. *See* ECF No. 1 at 1–3. The complaint alleges that Plaintiff's "civil right[s]" have been violated with "extreme assaults and financial disparity" by "Confederate supporters." *Id.* at 4. The complaint further alleges that Plaintiff's fingerprinting was delayed, which caused him to "get rejected from Defense Financi[al] Accounting Services." *Id.* He appears to seek an "investigation on various departments that were aware of the treason and perjury" and "a further investigation lead as far back as 1991." *Id.* These vague and conclusory allegations of wrongdoing are insufficient to provide "notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up); *see also Jiggetts v. Dist. of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd*

*sub nom*. *Cooper v. Dist. of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (explaining that "a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated" does not "comport with the standards of Rule 8").

Accordingly, this matter is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   April 21, 2026                    /s/_____
                                                    AMIR H. ALI
                                          *United States District Judge*